CITY AND COUNTY OF HONOLULU, a municipal corporation, Plaintiff-Appellee, *v.* KAILUA AUTO WRECKERS, INC., a Hawaii corporation, Defendant-Appellant

NO. 8986

(CIVIL NO. 33779)

AUGUST 18, 1983

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, JJ.,
AND CHIEF JUDGE BURNS,
ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from an order filed August 12, 1982, imposing sanctions upon the appellant for failure to comply with an order filed November 27, 1981, compelling appellant to vacate and remove all vehicles and parts thereof from appellee's property.

No notice of appeal appears in the record. It is counsel's responsibility to review the record once it is docketed and if anything material to counsel's client's case is omitted or misstated, to take steps to have the record corrected pursuant to Rule 75(d), HRCP. Since there is no notice of appeal in the record, the appeal is dismissed.

Even if there had been a proper notice of appeal in the record, we conclude, on a review of the briefs, that the appeal is without merit.

There are eight points of claimed error on appeal. The first six concern claimed errors in connection with the proceedings leading up to, and the entry of, the November 27, 1981 order, which was a supplementation of an earlier order entered August 22, 1975. Since no appeal was taken from the 1981 order, no consideration could be given to these claimed points of error. The seventh point urged is that the court below erred when, on August 6, 1982, it entered an order denying appellant's motion filed pursuant to Rule 60(b) for relief from the 1981 order on the grounds that the "order is void and there are other reasons justifying relief from said order." Assuming, without deciding, that in the circumstances the appeal is timely as to this order, it is clear that the court below was correct in denying the motion. The 1981 order and the proceedings were not void and no other reason justifying relief from the order was shown.

The eighth and final point on appeal is that there was error in adjudging a sanction of $300 a day for non-compliance with the order for removal of the vehicles. An examination of the order, however, shows that the $300-a-day sanction would begin only if the appellant failed to comply with the court's order for removal within a 330-day period. We could not call the sanction an abuse of discretion, particularly given the fact that by the time of the entry of the order in 1982, appellant had failed to comply with the 1975 order for removal for seven years.

In appellant's brief, it is argued that the award of attorney's fees and costs to the appellee was erroneous, however, no point of error was specified on this claim, and under Rule 3(b)(5) of our rules, it could not be considered.

534

Dismissed.

*Charles S. Gerdes* on the briefs for appellant.

*Winston K. Q. Wong,* Deputy Corporation Counsel, on the brief for appellee.