STATE OF HAWAI`I, Plaintiff-Appellant,
v.
IVAN GONSALVES, Defendant-Appellee.
No. 27950.
Intermediate Court of Appeals of Hawaii.
March 23, 2009.
On the briefs:
Jason M. Skier, Deputy Prosecuting Attorney, County of Hawaii, for Plaintiff-Appellant.
Chief Judge, Alen M.K. Kaneshiro, Deputy Public Defender, for Defendant-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., WATANABE and FUJISE, JJ.
Plaintiff-Appellant State of Hawai`i (State) appeals from the May 4, 2006 Judgment of Conviction and Probation Sentence of the Circuit Court of the Third Circuit (circuit court),[1] convicting Defendant-Appellee Ivan Gonsalves (Gonsalves) of Promoting a Dangerous Drug in the Third Degree (Count 1), in violation of Hawaii Revised Statutes (HRS) § 712-1243 (Supp. 2003), and Prohibited Acts Related to Drug Paraphernalia (Count 2), in violation of HRS § 329-43.5 (1993), and sentencing him to a five-year period of probation.
The State argues that the circuit court imposed an illegal sentence in sentencing Gonsalves to probation under HRS § 706-622.5 (Supp. 2003) and failing to follow mandatory sentencing guidelines under HRS § 712-1243(3).[2]
After a careful review of the issues raised, arguments advanced, applicable law, and the record in the instant case, we resolve the State's appeal as follows:
1. As a preliminary matter, the State's brief fails to comply with the requirements of Hawai`i Rules of Appellate Procedure (HRAP) Rule 28(b)(4) in that it fails to include a "concise statement of the points of error." " [F]ailure to comply with HRAP [Rule] 28(b)(4) is alone sufficient to affirm the judgment of the circuit court." O'Connor v. Diocese of Honolulu, 77 Hawai`i 383, 385, 885 P.2d 361, 363 (1994); Bettencourt v. Bettencourt, 80 Hawai`i 225, 228, 909 P.2d 553, 556 (1995); City & County of Honolulu v. Kailua Auto Wreckers, Inc., 66 Haw. 532, 534, 668 P.2d 34, 35 (1983). However, it is also the practice of the appellate courts in this jurisdiction "to permit litigants to appeal and to have their cases heard on the merits, where possible." O' Connor, 77 Hawai`i at 386, 85 P.2d at 364. Counsel is cautioned that future violations may result in sanctions. HRAP Rule 30.
2. Although the circuit court raised the possibility of sentencing Gonsalves pursuant to HRS § 706-622.5, it appears, after careful consideration of the circuit court's analysis, that the circuit court did not sentence Gonsalves to probation under HRS § 706-622.5 as the State claims.[3]
To begin with, the circuit court considered whether or not, in light of the evidence from a prior conviction for Abuse
of Family or Household Members, Gonsalves was non-violent, and if so, was eligible for sentencing under HRS § 706-622.5. In doing so, the circuit court expressly recognized that "[Gonsalves] has to be a person who is non-violent to be eligible for treatment under the provisions of Section 3, Act 161 [HRS § 706-622.5]." Based on the evidence before it, specifically, a police report marked as Court's Exhibit 1, the circuit court found that Gonsalves was "not a non-violent person," implicitly concluding that Gonsalves was not eligible for sentencing under HRS § 706-622.5.
Subsequently, the circuit court sentenced Gonsalves to a five-year period of probation, presumably applying the discretion vested in a sentencing court under HRS § 706-620 (Supp. 2008),[4] which, as discussed infra, was improper.
3. Inasmuch as the circuit court found that Gonsalves did not qualify for sentencing under HRS § 706-622.5, the circuit court was required to sentence Gonsalves to a mandatory minimum term of imprisonment in accordance with HRS § 712-1243(3).
Reflecting a shift in the statutory scheme designed to address "the ice epidemic," effective July 1, 2004, the Hawai`i State Legislature amended HRS § 712-1243 in 2004, via Act 44, by entirely eliminating subsection (3). 2004 Haw. Sess. Laws Act 44, §§ 1, 7, and 33 at 204-05, 211, and 227. Of particular import, Act 44's savings clause specified that, "[t]his Act does not affect rights and duties that matured, penalties that were incurred, and proceedings that were begun, before its effective date." 2004 Haw. Sess. Laws Act 44, § 29 at 227.
In State v. Reis, 115 Hawai`i 79, 91-93, 165 P.3d 980, 992-94 (2007), the Hawai`i Supreme Court held that "a defendant incurs, at the moment he or she commits the offense, liability for the criminal penalty in effect at the time of the commission of the offense." Therefore, because Gonsalves's crimes in this case were committed on March 4, 2004, prior to Act 44's effective date of July 1, 2004, the circuit court erred by failing to follow the mandatory sentencing provisions of HRS § 712-1243 (3), which were still in effect on March 4, 2004.
Therefore, we vacate the May 4, 2006 Judgment of Conviction and Probation Sentence of the Circuit Court of the Third Circuit, and remand for re-sentencing pursuant to HRS § 712-1243 (3) (Supp. 2003).
NOTES
[1] The Honorable Glenn S. Hara presided.
[2] At the time Gonsalves's offenses in the present case were committed, HRS § 706-622.5 provided, in pertinent part,

(1) Notwithstanding any penalty or sentencing provision under part IV of chapter 712, a person convicted for the first time for any offense under part IV of chapter 712 involving possession or use, not including to distribute or manufacture as defined in section 712-1240, of any dangerous drug, detrimental drug, harmful drug, intoxicating compound, marijuana, or marijuana concentrate, as defined in section 712-1240, or involving possession or use of drug paraphernalia under section 329-43.5, who is non-violent, as determined by the court after reviewing the:
(a) Criminal history of the defendant;
(b) Factual circumstances of the offense for which the defendant is being sentenced; and
(c) Other information deemed relevant by the court;
shall be sentenced in accordance with subsection (2); provided that the person does not have a conviction for any violent felony for five years immediately preceding the date of the commission of the offense for which the defendant is being sentenced.
(2) A person eligible under subsection (1) shall be sentenced to probation to undergo and complete a drug treatment program . . . .
Moreover, HRS § 712-1243 (3) provided,
Notwithstanding any law to the contrary, except for first-time offenders sentenced under section 706-622.5, if the commission of the offense of promoting a dangerous drug in the third degree under this section involved the possession or distribution of methamphetamine, the person convicted shall be sentenced to an indeterminate term of imprisonment of five years with a mandatory minimum term of imprisonment, the length of which shall be not less than thirty days and not greater than two-and-a-half years, at the discretion of the sentencing court. The person convicted shall not be eligible for parole during the mandatory period of imprisonment.
[3] In sentencing Gonsalves to probation, the circuit court reasoned as follows:

THE COURT: Okay. The primary or the principal issue before this Court right now is whether or not based on what the parties have stipulated to in Police Report Number H61647, specifically the supplementary reports by Officer L. Ishikawa and Officer B. Miller concerning the allegations of another conviction for abuse of a family/household member, whether the facts of that case are sufficient to establish whether or not Mr. Gonsalves is not a non-violent person within the meaning of Section 3, Act 161, Sessions Law of Hawaii 2002, because he has to be a person who is nonviolent to be eligible for treatment under the provisions of Section 3, Act 161 [HRS § 706-622.5]. The Court will find that a conviction for abuse of family/household member alone is not sufficient to, uh, have this Court conclude that a person is violent or non-violent.
However, Mr. Gonsalves in looking at the police report, in looking at all of the statements including yours and including your admissions, despite the fact that you're saying the abuse never happened 
THE DEFENDANT:  it happened. It's just that I never beat `em. It happened. I know it happened.
. . . .
THE COURT: And to the extent that there were still visible injuries to your children, it is difficult for the Court under the circumstances to find that you are nonviolent, and the Court will find that you are not a nonviolent person based on the evidence before it. And we'll have this police report marked as Court's Exhibit 1 for this sentencing.
THE COURT: It is the judgment and sentence of this Court, Mr. Gonsalves, that your having pled guilty to Promoting a Dangerous Drug in the Third Degree, Count 1, and Prohibited Acts Related to Drug Paraphernalia in Count 2, and the Court having found you guilty, the Court will place you on probation, Mr. Gonsalves, for a period of five years. You are to follow the mandatory terms of probation and the following special terms of probation.
[4] HRS § 706-620, unchanged since 1996, provides,

Authority to withhold sentence of imprisonment. A defendant who has been convicted of a crime may be sentenced to a term of probation unless:
(1) The crime is first or second degree murder or attempted first or second degree murder;
(2) The crime is a class A felony, except class A felonies defined in chapter 712, part IV, and by section 707-702;
(3) The defendant is a repeat offender under section 706-606.5;
(4) The defendant is a felony firearm offender as defined in section 706-660.1(2); or
(5) The crime involved the death of or the infliction of serious or substantial bodily injury upon a child, an elder person, or a handicapped person under section 706-660.2.